## LESTER vs. THE STATE.

1. In an indictment for murder, where the killing is charged to have been from a battery, it is necessary to aver an assault.

2. The time of the stroke and the death must be given. The words "instantly did die," do not sufficiently charge time and place.

APPEAL from Jackson Circuit Court.

GEORGE TOMPKINS, for Appellant.

Lester was condemned to be hanged, by the circuit court of Jackson county, on the 2d January, in the year 1846. He moved in arrest of judgment, and his motion was overruled. The only point relied on, is that the indictment is grossly defective, for the reasons following:

1st. There is no description of the mortal wound in either of the four counts of said indictment.

2d. It is not stated in either count that this mortal wound was inflicted with the same stick with which the assault was made, &c.

3d. It is not stated either when or where the mortal wound was given.

4th. It is not stated in either the 1st, 3d or 4th counts, when or where the death occurred.

5. The second count does indeed state when and where the death occurred, but it is liable to all three of the objections first above assigned.

The giving of the mortal stroke is in all four counts thus expressed: "Giving him, the said King B. Scott, by such striking and beating, divers mortal bruises and contusions," without stating either the time or place of giving those mortal bruises, &c.

The death is thus stated in all the counts but the second, "of which said mortal bruises and contusions, he the said Scott did instantly die," without any statement of either time or place.

The second count is not indeed liable to this last objection, the death being herein stated with the circumstance both of time and place. But in this second count, besides the objection above made to it, there is no statement of an assault made by Lester on the deceased; and for any thing in that count stated, the mortal stroke might have been given to prevent a violent and dangerous stroke from the deceased.

STRINGFELLOW, Attorney General, for the State.

NAPTON, J., delivered the opinion of the Court.

The appellant was indebted and found guilty of the murder of one King B. Scott. After verdict, a motion in arrest of judgment was made, which being overruled, the case is brought to this court.

The only question presented by the record, is the one arising from the motion in arrest. The indictment consists of four counts, the first, third and fourth of which are in all respects, material to the question, precisely alike. The second count is different. In the first count it is alleged that the defendant, with force and arms, at, &c., on, &c., "in and upon one King B. Scott, in the peace of the State, &c., feloniously, wilfully and of his malice aforethought, and by laying in wait, did make an assault, and that the said Lester did then and there, with force, &c.," "and with a large stick of no value which he the said Lester in both the hands of him the said Lester, then and there had and held, him the said Scott in and upon the head of him the said Scott, feloniously, wilfully, and of his malice aforethought and by laying in wait did strike and beat, giving him the said Scott by such striking and beating, divers mortal bruises and contusions in and upon the head of him the said Scott, of which said mortal bruises and contusions he the said Scott *did instantly die,* and so the jurors," &c.

The second count omits any averment of an assault, and charges the infliction of the mortal wound, in the same manner it is charged in the other counts, but gives a venue to the death.

Time and place must be stated to the allegation both of the injury and the death, in order that it may appear that the charge is cognizable by the court. 2 Chitty Cr. L. 737; Cro. Eliz. 738; 2 Hale, 179. Here the word *instantly* seems designed to supply the place of the words *then and there;* and the attorney general insists that both in its popular and proper legal acceptation, it will embrace every thing which is conveyed by those words. This may be true so far as time is concerned, but in capital cases, it has been thought expedient to require great strictness, and it would be difficult to foresee to what extent innovations would go, if we lose sight of the established precedents, so far as they fix the form of material averments. In East's Pleas of the Crown, it is said, "The respective times of the wound and death are also required to be shewn, in order that it may appear that the deceased died within a year and a day from the stroke or other cause of death; in the computation of which, the day on which the act was done shall be reckoned the first. This may be done, either by stating that he died instantly of the wound, or that he languished of the same till the day

mentioned, when he died of the mortal wound." From this observation, as well as from an examination of the precedents, it may be inferred that the word *instantly* does not supply the place of *then and there*, but is used to contradistinguish a case of death immediately succeeding the blow, and a case in which the death does not occur on the day the mortal blow was given. The statement of time and place is necessarily joined to either allegation. The only instance in which this has been omitted, is in the case of Rex. v. Hindmarsh, 2 Leach, 571. The indictment in that case is inserted by Chitty among his precedents, and from the note in Russell, (1 Russ. on Cr. 474,) it seems not to have been objected to, upon the trial. No question was made as to its sufficiency, but as it conflicts with the principles governing the constructions of indictments laid down by Hale, East, Bacon and Chitty himself, in the same work in which it is copied, and in this respect is unsupported by any other precedent, we do not feel ourselves at liberty to admit its authority.

Whether the statement of time and place must accompany the allegation of giving the mortal blow, as well as the preceding charge of giving the stroke, it is not material to determine. It is certainly safer to follow the precedents, and specify time and place, whether the allegation be *percussit dans or percussit et dedit*. The second count is however defective in omitting any averment of an assault.

Judge SCOTT concurring, the judgment of the circuit court is reversed.

McBRIDE, J., dissents.