THE STATE, Respondent, *vs.* GRAY, Appellant.

1. An indictment of several under the 38th section of the 2d article of the act concerning crimes and punishments, (R. C. 1845,) which charges that the assault was with a " knife which *they* in their right hand then and there held," is bad.

*Appeal from Polk Circuit Court.*

Gray was indicted with others, under the statute, for a felonious assault, and upon a separate trial was convicted. No motion to quash the indictment or arrest the judgment was made in the court below. At the trial, the court excluded evidence to show that the party assaulted was trespassing upon land of which defendant was in possession at the time of the assault.

*F. P. Wright*, for appellant, in his brief, relied upon the exclusion of the evidence and error in the instructions for a reversal of the judgment.

*Gardenhire*, (attorney general,) for the State.

SCOTT, Judge, delivered the opinion of the court.

The judgment rendered in this case must be arrested for the defects contained in the indictment. The defendants are charged under the 38th section of the act concerning crimes, 2d article, with having jointly made an assault; and several being indicted, it is charged that *they*, with a knife, which *they* then and there with *their* right hand held, made an assault, &c. This is an impossibility. It is on the face of it false, and must be bad. The proper mode, in such cases, is to charge one of the defendants with having made the assault, and the others being

present, aiding and abetting, will be as much implicated as though they had actually made the assault. Although the offence might have been laid under the section, without the allegation deemed objectionable, yet, as the indictment contains the averment, and that averment shows that the thing charged to have been done was impossible, the indictment cannot be sustained. Judgment reversed; Judge Ryland concurring; Judge Leonard not sitting.