————o————

THE STATE OF MISSOURI, Appellant, vs. HENRY C. SIDES, Respondent.

64 383
97 109
64 383
109 659
64 383
162 674

1. Murder—Indictment—Allegations as to time and place of death—Defects in, what will authorize quashing of writ—Jeofails, statute of.—An indictment for murder which charges that * * "of said mortal wounds said A. did immediately languish, and languishing did die," is defective in not specifically alleging when and how long after the wounding the death occurred. The defect is not cured by the statute of jeofails, and will authorize the quashing of the indictment.

*Appeal from McDonald County Circuit Court.*

J. L. Smith, Att'y Gen'l, for Appellant.

It is not necessary in an indictment for murder to charge in what county the deceased died, or when he died The words of the indictment are susceptible of no other construction than that Martin died in the county of McDonald, and on the day before

alleged in said indictment, to-wit: the 3rd day of February, 1873. (State vs. Harvey, 67 N. C. 467 : State vs. Ryan, 13 Minn. 370.)

*Bray & Cravens*, for Respondent, cited: Chit. Cr. Law, 737 ; 2 Hale, 179 ; Cro. Eliz. 738.

NORTON, Judge, delivered the opinion of the court.

The defendant in this case was indicted in the McDonald Circuit Court, at its February term, 1873, for murder, in killing one John Martin.

After various continuances of the cause, at the instance of defendant and on his motion and affidavit, a change of venue was awarded by the said circuit court, at its October term, 1874, to the circuit court of Newton county. Defendant filed in the latter court, at its February term, 1875, his motion to quash the indictment, which was sustained, and the defendant discharged. From this action of the court the State has appealed.

The causes assigned in the motion to quash are : 1st, because the record of the court does not show that the court appointed a foreman of the grand jury, or that there was any foreman of said grand jury ; 2d, because the record does not show that there was the requisite number of men qualified to serve as grand jurors, when the indictment was filed in court ; 3d, because the record does not show that said indictment was presented by the foreman in open court, in the presence of the grand jury ; 4th, because the record does not show that Elijah Walker was qualified to serve as grand juror for McDonald county ; 5th, because the indictment does not charge in what county or at what time John Martin died ; 6th, because the record does not show the grand jurors were sworn as required by law.

We will only notice the fifth reason, assigned in the motion to quash the indictment, as all the other reasons assigned are not only extremely technical, but are unsustained by the record, which sufficiently shows that a foreman of the grand jury was appointed and sworn, together with fourteen other "good and lawful men," and that the indictment in question was returned in

open court, duly indorsed by the foreman in the presence of his fellow jurors.

The indictment charges in substance, that "defendant with force and arms, at, etc., on, etc., did then and there feloniously, willfully, deliberately and premeditatedly, on purpose and of his malice aforethought, make an assault upon the body of one John Martin with a certain pistol loaded, etc., which said pistol, etc., the said defendant Sides shot off and discharged upon the body of said John Martin, etc., inflicting one mortal wound, etc., of which said mortal wound the said John Martin did immediately languish, and languishing did die."

The indictment is defective in not alleging the time of the death of Martin. To make the offense of murder in the first degree it is necessary to prove the death, and that deceased literally died within a year and a day after he received the injury. (1 Haw. ch. 23, § 90; Lester vs. State, 9 Mo. 666; 2 Chit. Cr. Law, 737; Cro. Eliz. 738; 2 Hale, 179.)

In the case of the State vs. Lester, *supra*, the indictment charged that defendant "did inflict divers mortal bruises and contusions on the head of one Scott, of which he, the said Scott, did instantly die." Lester was convicted under the indictment, and this court reversed the judgment of the circuit court overruling a motion in arrest of judgment, on the ground that the indictment failed to allege either the time or place of the death.

In the case at bar the indictment only charges that the deceased "did immediately languish and languishing did die." The allegation fails to show when and where he died.

In a pleading which undertakes to charge the high crime of murder it is always best to follow precedents which have been long adhered to, and which have received the sanction of the highest courts both of this country and England. It is hazardous to make experiments in departing from them, under the impression that our statute of jeofails will cure an omission to state material facts.

The judgment is affirmed with the concurrence of the other judges, except Sherwood, Chief Justice, absent.