STATE OF MISSOURI V. LAKEY, APPELLANT.

**Indictment for Murder :** CERTAINTY REQUIRED IN AVERMENTS AS TO TIME AND PLACE: " DID INSTANTLY DIE " INSUFFICIENT. An indictment for murder in the first degree, which describes the assault and then charges, that of the mortal wound inflicted by defendant the deceased " did instantly die," does not state with sufficient certainty the time and place of the death.

*Appeal from Douglas Circuit Court.*—Hon. J. B. WOODSIDE, Judge.

No brief was filed for appellant.

*John A. Hockaday*, Att'y Gen., for respondent.

The indictment is unquestionably good. The time and place of the assault is specifically set out at the beginning of the indictment, as having been committed at the county of Douglas and State of Missouri on the 16th day of May, 1874, and the cutting and killing are sufficiently set out in the use of the words "then and there," referring, as they necessarily do, to the time and place of the assault. *State v. Ames*, 10 Mo. 743; *Wells v. State*, 8 Mo. 52; Wharton on Homicide §§ 791, 809.

HENRY, J.—Defendant was indicted at a special term of the Douglas Circuit Court, held in July, 1874, for murder in the first degree, in killing James Abner. The indictment, except in one particular, is faultless, but is fatally defective in omitting to state when and where Abner died. It alleges the striking and cutting of the deceased with a bowie knife, and then proceeds to charge "that the said Eli Lakey, with the knife aforesaid, by the striking and cutting aforesaid did then and there give to him, the said James Abner, in and upon the said throat of him the said James Abner, one mortal wound of the length of six inches and of the depth of three inches, of which· mortal wound James Abner did instantly die." The import of the words " did

instantly die" in their popular acceptation does not obviate the necessity of making a necessary averment in an indictment for murder, with the particularity required by repeated adjudications of this court. The indictment in the case of the *State v. Lester*, 9 Mo. 658, alleged that defendant did inflict divers wounds and contusions on the head of one Scott, of which he, the said Scott, "did instantly die." NAPTON, J., who delivered the opinion of the court, said, "Here the word *instantly* seems designed to supply the place of the words *then and there;* and the Attorney General insists that both in its popular and proper legal acceptation it will embrace everything which is conveyed by those words. This may be true so far as time is concerned, but in capital cases it has been thought expedient to require great strictness, and it would be difficult to foresee to what extent innovations would go, if we lose sight of the established precedents, so far as they fix the form of material averment." In the case of the *State v. Sides*, 64 Mo. 383, the same doctrine was held. In the case at bar defendant was convicted of murder in the first degree, but as the indictment is fatally defective, the judgment will be reversed and the cause remanded. All concur, except NORTON, J., not sitting.

REVERSED.

