The State v. Testerman, *Appellant*.

1. **Indictment**: ELECTION BETWEEN COUNTS. An indictment contained two counts, one of which charged a third party with shooting and killing the deceased, and the defendant with being present aiding and abetting, and the other charged defendant with killing the deceased by cutting him with a knife, and the third party with being present aiding and abetting; *Held*, that the trial court committed no error in refusing to require the prosecutor to elect on which of said counts the defendant should be tried.

2. ———. A count in an indictment alleged that of the wounds inflicted upon him, the deceased "languished and languishing, immediately did die;" *Held*, that this was an insufficient allegation as to the time and place of the death of the deceased.

3. **Indictment in Several Counts**: VERDICT. A verdict will not be disturbed because it does not specify the count under which the defendant was found guilty, when it is supported by one good count in the indictment.

4. ———: EVIDENCE. Evidence in relation to the time and place of the death of the deceased, admissible under one count of an indictment, is not rendered inadmissible because the allegation as to such time and place in another count is insufficient.

5. ——— : WITNESS, RULES OF EXAMINATION WHEN DEFENDANT IS WITNESS. The defendant in a criminal case, when he testifies in his

own behalf, occupies the position of any other witness, and subjects himself to just as searching a cross-examination; and the prosecuting attorney has the same right to comment upon his testimony as on that of any other witness.

6. ——: EVIDENCE. A previous difficulty between deceased and third parties had occurred about 10 o'clock on the morning of the same day that deceased was killed, at which defendant was not present, but there was evidence tending to show that he was aware that there had been a difficulty and had espoused the quarrel of such third parties; *Held*, that evidence of such former difficulty was admissible.

7 ——: RES GESTAE. Evidence of the cutting by defendant of a third party, participating in the same fight in which deceased was killed, is admissible as part of the *res gestae*.

8. ——: MURDER IN THE SECOND DEGREE. If an intentional killing is shown, but circumstances of malice and premeditation are not proved, the law presumes the killing to be murder in the second degree.

*Appeal from McDonald Circuit Court*—HON. JOSEPH CRAVENS, Judge.

*C. W. Thrasher* and *H. C. Young* for appellant.

In this indictment a different and distinct felony of the same grade is charged in each count.

The first count charges that Arnol Stultz shot in the back and killed deceased with a pistol, and that defendant and Carver were present, aiding and assisting him in the killing.

The second count charges that defendant stabbed and cut in the breast and killed deceased with a knife, and that Stultz and Carver were present aiding him in the killing. And although it may be said that both counts in effect charge each of said defendants as principal, still each count charges a distinct and different killing, done in a different manner and by different means.. And the fact that both charge the killing of the same person on the same day, does not connect in any way the two felonies charged, or make one the part of the other. This defendant could not proceed to trial on both these counts at once, without be-

ing greatly prejudiced by the confusion of the evidence necessary to support both at the same trial. Where the offenses charged in different counts of an indictment are distinct and different felonies, the trial court should compel the prosecutor to elect upon which count he will proceed at the trial. 1 Wharton's Crim. Law, (5 Ed.) § 416; 2 Russell on Crimes, (8 Am. Ed.) 773, marginal p. 774; 1 Bishop on Crim. Procedure, §·208; 1 Chitty Crim. Law, 253; *State v. Porter*, 26 Mo. 201,; *State v. Jackson*, 17 Mo. 544; *Storrs v. State*, 3 Mo. 9; *State v. Kibby*, 7 Mo. 317; *Baker v. State*, 4 Pike 56; *Kane v. People*, 8 Wend. 203; *People v. Rynders*, 12 Wend. 425; *State v. Nelson*, 8 N. H. 163; *State v. Coleman*, 5 Port. 32. The court below erred in requiring the defendant to answer the question asked by prosecuting attorney and objected to by defendant, and in permitting said prosecuting attorney, against the objection of defendant, afterwards to comment to the jury upon such question and answer. A person accused may waive his privilege to testify on his own behalf, without prejudice; and if he does testify he is at liberty to stop at any point he may choose. Cooley's Const. Lim., 317. No person shall be compelled to testify against himself in a criminal cause. Const. of Mo. 1875, art. 2, § 23; Cooley's Const. Lim., 317, and 317 note. The error complained of is not alone that the court permitted the prosecuting attorney to comment on the testimony of defendant, but that the court compelled defendant, against his objection, to give evidence against himself, and then permitted the prosecuting attorney to comment on the evidence so unlawfully obtained. The act of the General Assembly cannot deprive a person of rights secured to him by the organic law of the State. 1 Kent's Com., 448; *Bailey v. Gentry*, 1 Mo. 164; *Brown v. Ward*, 1 Mo. 209; *Baumgardner v. Circuit Court Howard Co.*, 4 Mo. 50; *French v. Woodward*, 58 Mo. 66; *County Court St. Louis Co. v. Griswold*, 58 Mo. 175; *St. Joseph. Board Public Schools v. Patten*, 62 Mo. 444; *State v. Curators State University*, 57 Mo. 178.

If a person accused can, under any circumstances, be compelled to answer a question upon cross-examination, he certainly cannot be compelled to answer a question beyond the subject matter upon which he has been examined in chief, for that would be compelling him to become a witness for the prosecution against himself. *People v. Mc-Gungill*, 41 Cal. 430; *State v. Harrington*, 5 Cent. Law Jour. No. 7, p. 154; Const. of Mo. 1875, art. 2, § 23; Cooley's Const. Lim., 317.

The third instruction entirely ignores the law of excusable or justifiable homicide, and the necessity of proving malice to constitute the crime of murder, and in effect charges the jury that every killing done intentionally, by means of a dangerous weapon, without deliberation and premeditation, the law presumes to be murder in the second degree; and must have misled the jury as to the facts necessary to constitute murder in the second degree. As the law makes no such presumption, unless on all the evidence it appears there was no justification, excuse or palliation, this instruction, without such qualification, is too broad, and tended directly to mislead the jury as to what constitutes murder in the second degree. *State v. Underwood*, 57 Mo. 49; *State v. Holme*, 54 Mo. 163. It is only the duty of the trial court to define, by proper instructions to the jury, what constitutes the different degrees of murder under our statute, together with the meaning of the technical words "malice," "willfully," "deliberately" and "premeditatedly," and then leave the jury to find from all the facts whether either exists in a particular case. The law presumes none of the elements of crime to exist until established by evidence; the presumption being that every man is innocent until the contrary appears. And it is no more a presumption of law nor a matter for the court to decide that malice exists in any particular case, than that any other fact necessary to constitute the crime of murder exists in the same case. What facts are established by the evidence is a matter for the jury in every case, and not for

the court.    Without malice there can be no murder in any degree.    1 Chitty Crim. Law, 243; 1 Bishop on Crim. Law, (6 Ed.) § 429; 1 Bishop on Crim. Pro., § 58; *State v. Philips*, 24 Mo. 486; *State v. Lane*, 64 Mo. 319; *State v. Wieners*, 66 Mo. 13.

*J. L. Smith*, Attorney-General, for the State.

It is true, under the constitution, no man can be compelled to bear witness against himself, but when he voluntarily takes the witness' stand in his own behalf, he waives his constitutional right, and is subject to the rules of examination and cross-examination applicable to other witnesses, and may be impeached and contradicted the same as any other witness.    *Fralich v. People*, 65 Barb. 48; *Fletcher v. State*, 49 Ind. 124; *Mershome v. State*, 51 Ind. 14; *Connors v. State*, 50 N. Y. 242; *Stover v. People*, 56 N. Y. 315.    The rule in relation to the cross-examination of witnesses, in this State, is that when a witness is called by one party, he can be cross-examined as to the whole case by the other party.    *St. Louis & Iron Mountain R. R. v. Silver*, 56 Mo. 265; *State v. Sayers*, 58 Mo. 585.

HENRY, J.—Defendant Arnol Stultz, and Andrew Carver, were indicted for the murder of Winfield Scott Painter, and at the October term, 1873, of the McDonald circuit court, defendant was tried and convicted of murder in the second degree, and his punishment assessed at ten years imprisonment in the penitentiary.    The indictment contained two counts.    The first count charged that Arnol Stultz shot and killed the deceased, and that defendant and Andrew Carver were present, aiding and assisting. The second charged that Testerman killed the deceased by cutting him with a knife, and that Stultz and Carver were present, aiding and assisting.    The defendant moved the court to compel the State to elect on which of said counts she would try the defendant.    The court overruled the motion, and this is complained of as error.

In the *State v. Porter*, 26 Mo. 202, NAPTON, J., delivering the opinion of the court, said : "If the several counts 1. INDICTMENT: refer to different transactions, in point of election between counts. fact, it is matter of discretion with the court to compel the prosecutor to elect upon which count he will proceed, and the power ought to be exercised in cases where the offenses are distinct and of a different nature, and calculated to confound the defense." Again, "It is usual to frame several counts, where only a single offense is intended to be charged, for the purpose of meeting the evidence as it may transpire at the trial; and in such cases the court will not compel the prosecutor to elect." Here, in both counts, Testerman was indicted for murder in the first degree. He who kills, and he who is present, aiding and abetting, are equally guilty and punished alike; and if the latter is indicted as the actual perpetrator, the indictment is good, and is supported by proof that he was present, aiding and abetting. *State v. Davis*, 29 Mo. 396; *State v. Philips*, 24 Mo. 475; Chitty's Crim. Law, 256. It was no error, therefore, to refuse to require the prosecutor to elect.

The second count of the indictment is defective in failing to state when and where the deceased died. It al-
2. ——. leged that of the wounds inflicted upon him, the deceased "languished and languishing did immediately die." This has been repeatedly held an insufficient allegation as to the time and place of the death of the deceased. *Lester v. State*, 9 Mo. 658; *State v. Sides*, 64 Mo. 383; *State v. Lakey* 65 Mo. 217; *State v. Mayfield*, 66 Mo. 125.

The verdict did not specify under which count defendant was found guilty, and it is contended by appellant's 3. INDICTMENT IN counsel that, therefore, it cannot stand; but SEVERAL COUNTS: verdict. it has so often been held that if the indictment contain one good count which will support the verdict, it will not be disturbed, that it is unnecessary to dwell upon that point.

The defendant, at the trial, objected to the introduc-

tion of any evidence in relation to the time and place of the death of the deceased, because not sufficiently alleged in the second count, but as this evidence was admissible under the first count, the objection was not well taken. As under the decisions in the *State v. Davis* and *State v. Philips*, before cited, the evidence admitted on the trial would have supported either count, the objection to its introduction because one count was bad, is untenable.

4. ——: evidence

The defendant complains that on the cross-examination of defendant, who was introduced as a witness in his own behalf, and testified in chief that Sam. Smith did not run away during the fight, the court compelled the defendant to answer the following question: "Did you not tell Dr. A. W. Chenowith, one night when you went there with a double-barreled shot gun, that Sam. Smith was frightened worse than you ever saw a man before, and at the commencement of the fight ran away eighty or a hundred yards?" To which he answered, "I did." Sam. Smith was a witness for defendant. The prosecuting attorney, in his opening argument to the jury, assumed that Smith was not present during the difficulty, and to support that assumption, was permitted by the court, defendant objecting, to comment on the question propounded to the defendant, and his answer. The action of the court was proper. Defendant, when he places himself on the stand as a witness, occupies the position of any other witness, and subjects himself to just as searching a cross-examination. *State v. Clinton*, 67 Mo. 380. And the prosecuting attorney had the same right to comment upon his testimony as he had to remark upon that of any other witness in the cause.

5. ——: witness, rules of examination when defendant is witness

The court, against defendant's objection, admitted evidence of a previous difficulty between the Painters and Carver and Stultz, which occurred about 10 o'clock on the morning of the same day that Winfield S. Painter was killed. After that difficulty the parties separated, the Painters leaving the place where the fight oc-

6. ——: evidence.

curred to go to a bathing place on the creek, and after bathing, they started homeward through a cornfield. When they had proceeded a short distance, they saw defendant and Carver and Stultz meeting them. It seems from the evidence that defendant had heard the noise of the first difficulty, but was not present. He was on the other side of the creek, but crossed over to where Stultz and Carver were. Carver carried with him, into the cornfield, two stones in his hands. Although not present at the first difficulty, there was evidence tending to show that defendant was aware that there had been a difficulty, and had espoused the quarrel of Stultz and Carver. The evidence of the former difficulty was, therefore, admissible.

It is further objected that the court admitted evidence that during the progress of the fight in the cornfield, the 7. ——: res gestae defendant cut George Allen Painter with his knife. It was one fight, in which, from the evidence, all the parties present were participants, and the evidence objected to was a part of the *res gestae*.

The third instruction, it is insisted, is erroneous. It declares that: "If the jury find that Stultz and Carver, 8. ——: murder in the second degree or either of them, willfully killed Painter by shooting him with a pistol or cutting with a knife, and that defendant was willfully present, aiding, abetting, assisting or encouraging the same, or if they find that defendant, with his own hands, willfully cut and stabbed Painter, and thereby killed him, but that said killing was not done with deliberation and premeditation, such killing would be murder in the second degree." The objection urged to this instruction is, that it ignores the law of excusable or justifiable homicide, and the necessity of proving malice to constitute the crime of murder. There is some plausibility and force in this objection, but this instruction was given as a qualification to others given in regard to murder in the first degree, in which the court declared that to constitute the killing murder of that degree, it devolved upon the State to show that it was done

with premeditation and deliberation; and that the law presumed malice where there was an intentional killing, in the absence of extenuating circumstances. Without malice, it is true, there can be no murder in either degree, but it has been very often held by this court, that the law presumes malice from an intentional killing in the absence of evidence excusing, justifying or mitigating the offense. If an intentional killing is shown, but circumstances of malice and premeditation are not proved, the law presumes the killing to be murder in the second degree; *State v. Underwood*, 57 Mo. 49; *State v. Holme*, 54 Mo. 53. The judgment of the circuit court is affirmed. All concurring.

AFFIRMED.