The State v. Sundheimer.

| 93 | 311 |
| 104 | 569 |
| 93 | 311 |
| 109 | 659 |
| 93 | 311 |
| 126 | 529 |

THE STATE, *Appellant*, v. SUNDHEIMER.

**Criminal Law:** PRACTICE : INDICTMENT : MANSLAUGHTER IN FOURTH DEGREE. An indictment for manslaughter in the fourth degree, under Revised Statutes, section 1250, which alleges that defendant, "at the county of Cole, and state aforesaid, on the first day of January, 1886, did unlawfully and feloniously, and with culpable negligence, kill and slay William Singer by then and there unlawfully, recklessly, feloniously, and with culpable negligence, discharging a gun, loaded with powder and paper wads, in and upon the face and head of him, the said William Singer, whereby he, the said William Singer, received such injuries as to cause his death," is fatally defective in failing to state, with sufficient certainty, that the injuries so received by the deceased, caused his death at the county of Cole, and state of Missouri, on the first day of January, 1886.

*Appeal from Cole Circuit Court.*— HON. E. L. EDWARDS, Judge.

AFFIRMED.

*B. G. Boone*, Attorney General, for the state.

(1) The indictment is properly drawn under section 1250, Revised Statutes, defining manslaughter in the fourth degree. It was held in the *State v. Emery*, 78 Mo. 77, that the shooting of a human being unintentionally, but through negligence in handling a firearm, such as to indicate carelessness or recklessness, incompatible with a proper regard for human life, is manslaughter in the fourth degree. See also under this head: *State v. Vance*, 17 Iowa 138; *Reg. v. Jones*, 12 Cox C. C. 628; *State v. Hardie*, 47 Iowa 647; *State v. Fuller*, 2 Parker Cr. R. 16. (2) While the lesser crime of manslaughter is included within the greater crime of murder, it does not follow that an indictment for the

lesser offence should contain all the formal allegations requisite to an indictment for the greater, except "malice aforethought, deliberation, and premeditation." See form of indictment for manslaughter under English statutes, which is not unlike the section under which the indictment, in the case at bar, is drawn. 1 Arch. Cr. Prac, [8 Ed.] p. 725, sec. 255. Charging the offence in the language of the statute without needless particularity is sufficient. *Sutcliffe v. State*, 18 Ohio, 469.

*J. L. Smith* and *Edwards & Davison* for respondent.

An indictment for manslaughter in any degree should contain all the ingredients necessary to make the charge of murder, except the charge of malice aforethought, deliberation, and premeditation. This indictment contains no charge necessary to the crime of murder except that the act was done feloniously. Kelley's Criminal Law [Ed. of 1876] p. 247, sec. 470; Wharton's Precedents [3 Rev. Ed.] pp. 168–170; Archibald's Pleadings [3 Am. from 5 London Ed.] p. 344; *State v. Emerich*, 87 Mo. 110. It has always been held that the indictment must allege in what county the death occurred, and that it occurred within a year and a day, and it must affirmatively appear that the death was occasioned by the wounds inflicted. This does not appear in this indictment. It contains no charge necessary to constitute manslaughter at the common law, and hence no offence under the laws of this state. R. S. sec. 1250; 66 Mo. 92; *State v. Smith*, 79 Mo. 441–443; *State v. Jones*, 87 Mo. 110; Kelley's Criminal Law, sect. 470, p. 247. No one will contend that this indictment is sufficient, or would be sufficient by adding the words, "malice," "deliberation," and "premeditation," to put the defendant on trial for murder; and yet the books say that an indictment for manslaughter should

contain all the ingredients of the crime of murder, with the words in quotations omitted. Authorities above cited. The constitution requires that the accused shall be informed of the "nature and cause of the accusation" against him. Const of Mo., art. 2, sec. 22. This indictment falls short of this requirement of the constitution. It is not enough that the defendant knows what is intended to be charged against him. *State v. Gabriel*, 88 Mo. 631–642. The indictment does not follow the language of the statute, and hence is not a statutory indictment. The rule is, that, where the indictment is based upon a statute creating the offence, it must set forth all the constituent facts and circumstances necessary to bring the accused perfectly within the statutory premises. *State v. Gabriel*, 88 Mo. 642 ; *State v. Stone*, 68 Mo. 101.

RAY, J.—Defendant herein was indicted in the circuit court of Cole county for manslaughter in the fourth degree. Omitting caption and signature of the prosecuting attorney, the indictment is as follows :

"The grand jurors for the state of Missouri, duly summoned, empaneled, sworn, and charged to inquire within and for the body of the county of Cole and state of Missouri, upon their oath, present and charge that Steffen Sundheimer, at the county of Cole, and state aforesaid, on the first day of January, A. D., 1886, did unlawfully, feloniously, and with culpable negligence, kill and slay William Singer, by then and there unlawfully, recklessly, feloniously, and with culpable negligence, discharging a gun, loaded with powder and paper wads, in and upon the face and head of him, the said William Singer, whereby he, the said William Singer, received such injuries as to cause his death, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the state."

A motion to quash the same, filed by defendant, was sustained and judgment rendered discharging the de-

fendant, so that the only question before us is as to the sufficiency of the indictment, which is based upon section 1250, Revised Statutes, 1879. The section is as follows: "Every other killing of a human being, by the act, procurement, or culpable negligence of another, which would be manslaughter at the common law, and which is not excusable or justifiable, or is not declared in this chapter to be manslaughter in some other degree, shall be deemed manslaughter in the fourth degree."

Under the common-law precedents and usages, indictments for manslaughter are, it seems, the same as for murder, with the words, murder and malice aforethought, omitted. 2 Bishop on Crim. Proc., sec. 506; Arch. Plead. 726; 1 Chit. Crim. Law, 242. If you take from the indictment for murder the words, "deliberately, premeditatedly, and of his malice aforethought," the indictment is for manslaughter. Kelley's Crim. Law, sec. 470. We have not met with, in our examination, and counsel have been unable, they say, to cite us to any precedent, or case in point, where the indictment has been drawn for this offence, upon our statute, or other similar statute. We have been referred to the case of *State v. Emory*, 78 Mo. 77, but in that case the indictment was for murder in the second degree, and a conviction had for manslaughter in the fourth degree. This has been, perhaps, pretty uniformly the practice, to indict for the higher grades of homicide, and, where the evidence requires, to take a conviction for the lower offence, the indictment for murder being good as an indictment for the inferior grades of homicide. But, if this course is not followed, and the indictment is drawn, or sought to be drawn, as in this case, under this section of the statute, then it would seem, under the above authorities, the indictment should only differ in its allegations from the indictment for murder in omitting the statement as to malice, deliberation, and premeditation. To say the least of it, this would, we think, be the safer

and better practice, and would, perhaps, best subserve the aim and policy of the law in preserving established precedents so far as they have fixed the form of material and necessary averments in criminal cases. But we need not now say that all these are now absolutely indispensable to the validity of an indictment for said offence under said section.

The specific objection, however, taken by the motion to quash herein, is, that the indictment nowhere charges that the death of said Singer was caused by any wound inflicted by defendant, or that he died in Cole county, or when or where he died. Perhaps, if we consider the phraseology of the indictment, solely and merely, in the popular significance of the terms employed, it may be deemed to import and express that the death of said Singer ensued at the county of Cole, and state aforesaid, on the first day of January, A. D., 1886, as the indictment begins by charging that, on that day, and at that place, defendant did kill and slay him, the said Singer, and such words, it may be conceded, *ex vi termini*, import the death. But that is not the entire charge. The indictment continues, "by then and there * * * discharging a gun * * * in and upon the face and head of him, the said William Singer, whereby he received such injuries as to cause his death." Does this allegation, taken altogether, charge, with that precision the law requires in criminal cases, when and where the death ensued? "Time, as well as place, ought, in general, not merely to be mentioned at the beginning of the indictment, but to be repeated to every issuable and triable fact. * * * But after the time has been once named with certainty, it is afterwards sufficient to refer to it by the words *then and there*, which have the same effect as if the day and year were actually repeated." 1 Chitty's Crim. Law, 218.

This charge is, that, at the county of Cole, and on the first day of January, A. D., 1886, defendant did

kill and slay said William Singer, by then and there discharging a gun in and upon his face and head, whereby he received such injuries as to cause his death, but it is not expressly stated that the injuries, then and there received, caused his death on the said first day of January, and at the county of Cole, state aforesaid, or that it then and there ensued, or, in other words, the date first given is not repeated in connection with this subsequent and material averment, as to the injuries resulting in death, nor are the words, "then and there," employed. The words, "then and there," as used in said last-mentioned allegation in the indictment, refer to the time and place of discharging the gun, and inflicting the injuries which caused the death, but this last allegation fails and omits to expressly say that the death, so caused by said injuries, then and there ensued, and this is required, as we understand it, under the following authorities : *State v. Lester*, 9 Mo. 658 ; *State v. Sides*, 64 Mo. 385 ; *State v. Lakey*, 65 Mo. 217 ; *State v. Reakey*, 1 Mo. App. 3 ; Wharton Crim. Law, sec. 537 ; 1 Chitty's Crim. Law, 221, 242, 243.

Thus the author last cited says, "in case of homicide, the day of the stroke, as well as of the death, should be expressed," etc.; and again, "where the death arises from any wounding, beating, or bruising, it is said, the word, ' *struck*,' is essential, and the wound or bruise must be alleged to have been *mortal*, nor is the latter word supplied by the allegation, which is at all times necessary, that the deceased died in consequence of the violence inflicted upon him." Chitty's Crim. Law, 243. In the case of *Lester v. The State*, 9 Mo. 658, the allegation in the indictment was, in substance, that said Lester did strike and beat, giving him, the said Scott, mortal bruises and contusions, in and upon the head, of which said mortal bruises and contusions, the said Scott did *instantly die*. In the indictments, in the cases of *State v. Sides*, 64 Mo. 385, and *State v. Lakey*, 65 Mo.

217, the allegations were similar as to giving certain mortal wounds, of which 'the parties named did instantly die. The phraseology in those indictments is somewhat different from that of the one before us, the words striking, cutting, beating, or shooting, as the case may be, not importing, *ex vi termini*, the death, but the other said allegations, as to inflicting said mortal wounds, of which the said parties did instantly die, just as necessarily, and *ex vi termini*, import and express that the death ensued, as the words, did kill and slay, on the day named, employed in this case.

Upon these authorities, then, and upon the grounds stated, and reasons heretofore given, the indictment, we think, fails to clearly and distinctly state and express the facts constituting the offence, designed and intended to be charged, with the precision, and certainty, and definiteness the law requires in such cases, and we, therefore, affirm the judgment of the trial court, sustaining the motion to quash the indictment. All concur.