THE STATE, Respondent, v. THOMAS GRIMES and JAMES GRIMES, Appellants.

**St. Louis Court of Appeals, February 28, 1888.**

1. CRIMINAL LAW—INDICTMENT.—An indictment which recites that two defendants "feloniously, on purpose, and wilfully, with a deadly and dangerous weapon, to-wit, a knife, which they, the said Thomas Grimes and James Grimes, each then and there had and held in each of their hands, did then and there make an assault, etc.," is not open to the objection that it charges an impossibility.

2. —— GRADES OF CRIME.—A common assault is a lesser offence than a felonious assault, within the meaning of Revised Statutes, sections 1262 and 1265.

3. —— VERDICT.—A verdict which declares the defendant "guilty of common assault," under an indictment for felonious assault, without a specific statement that he is not guilty of felonious assault, is in effect an acquittal of the higher offence charged, in conformity with Revised Statutes, section 1655.

APPEAL from the Newton Circuit Court, HON. M. G. McGREGOR, Judge.

*Affirmed.*

A. J. HARBISON and JOSEPH CRAVENS, for the appellants : The indictment in this case is bad for the reason it charges that both defendants, at the same time and place, and with one knife held in each of their right hands, made the assault, which is absurd and impossible. *State v. Gray*, 21 Mo. 492 ; *State v. Steely*, 65 Mo. 222 ; 1 Chit. Crim. Law, 231 ; *State v. Flint*, 62 Mo. 393 ; *State v. Hayward*, 83 Mo. 299.

THOMAS R. FREEMAN, for the respondent.

THOMPSON, J., delivered the opinion of the court.

The defendants were jointly indicted for a felonious assault with intent to kill, under Revised Statutes, section 1262, were convicted of a common assault under the provisions of Revised Statutes, section 1655, and were sentenced each to pay a fine of one hundred dollars, and to be imprisoned in the county jail for a period of three months, as provided in Revised Statutes, section 1265.

I. The first question relates to the sufficiency of the indictment. It recites, "that Thomas Grimes and James Grimes, late of the county aforesaid, on or about the second day of November, 1886, at the county of Newton and state of Missouri, upon the body of one William Culkin, then and there being feloniously, on purpose, and wilfully, with a deadly and dangerous weapon, to-wit, a knife, which they, the said Thomas Grimes and James Grimes, each then and there had and held in each of their hands, did then and there make an assault with the intent, him, the said William Culkin, then and there to kill and murder, against the peace and dignity of the state of Missouri." The objection urged against it is, that it charges an impossibility, namely, that the assault was made with *a knife* which *each* of the defendants held in his hand ; and the ruling of the Supreme Court in *State v. Gray*, 21 Mo. 492, is

appealed to in support of this position. In that case a joint indictment against several defendants for an assault, which charged that "*they*, with a knife, which *they* then and there with *their* right hand held, made an assault," etc., was held bad as charging an impossibility. Although the indictment in the present case charges that the defendants "*each* then and there held" the knife, etc., yet it would be bad under this decision if it were still authority in this state. It was not approved in *State v. Steeley*, 65 Mo. 222, as counsel for the defendants claim, but was merely cited and distinguished. It was overruled, though not mentioned, in the subsequent case of *State v. Dalton*, 27 Mo. 13, where a joint indictment against two for an assault charged that they "feloniously and wilfully did make an assault with *a certain knife*, etc., which they, etc., then and there in *their right hand* had and held," etc. Although this indictment was open to precisely the same objection as the one in *State v. Gray*, *supra*, and as the one in the present case, and although the Supreme Court conceded that it was in part absurd, yet it was held cured by the statute of jeofails relating to criminal cases. This decision was quoted with approval in *State v. Payton*, 90 Mo. 220, 225, 226, and remains the law in this state. We must, therefore, hold that the indictment, though inartificially drawn, is cured by the statute of jeofails relating to criminal cases.

II. Another objection is, that the common assault referred to in Revised Statutes, section 1265, is not a lesser offence of the felonious assault described in Revised Statutes, section 1262, within the meaning of Revised Statutes, section 1265, which permits the conviction of a lesser offence. We are not of this opinion. *State v. Burk*, 89 Mo. 635. While this last case is not precisely in point, it is clear that a common assault may be predicated upon the same facts which would support an indictment for a felonious assault, where the felonious intent is excluded.

III. The third point is, that the verdict does not

conform to the requirements of Revised Statutes, section 1655. This section reads as follows : " Upon an indictment for an assault with intent to commit a felony, or for a felonious assault, the defendant may be convicted of a lesser offence ; and in all other cases, whether prosecuted by indictment, information, or before a justice of the peace, the jury or court trying the case may find the defendant not guilty of the offence as charged, and find him guilty of any offence, the commission of which is necessarily included in that charged against him." The verdict returned by the jury reads as follows : "We, the jury, find the defendant, Thomas Grimes, guilty of common assault, and assess his punishment at a fine of one hundred dollars and imprisonment in the county jail for a term of three months. And we find the defendant, James Grimes, guilty of common assault, and assess his punishment at a fine of one hundred dollars and imprisonment in the county jail for the term of three months." The verdict, it is perceived, fails to find the defendant "not guilty of the offence as charged," and is to that extent informal. It does not appear that the attention of the trial court was in any manner called to this informality. The question, therefore, is, whether it is such a defect as renders the verdict a nullity. We do not think it is. It is to be observed that the verdict is not a departure from the letter of the statute ; for it is not in case of an indictment for an assault with intent to commit a felony, or for a felonious assault, that, by the reading of the statute, the defendant is to be acquitted of the greater, when convicted of the lesser, offence, but it is "in all other cases." But as the reason for requiring this formality in a verdict is the same in all cases, it is not to be supposed that the legislature intended to make one rule for one class of cases, and no rule for another ; but the peculiar language of the statute is rather to be attributed to the unskillfulness or negligence of the draughtsman.

However this may be, the defendants could not have been convicted of *both* offences—the felonious assault

described in the indictment and the common assault referred to in Revised Statutes, section 1265. A conviction of · the lesser is, therefore, tantamount to an acquittal of the greater offence. Under Revised Statutes, section 1656, the defendants cannot be again put on trial for any offence included within this indictment. Nor could they on the principles of the common law ; because they have been once in jeopardy in respect of the charge therein contained, and there has been no mistrial, nor a new trial procured by them. The objection, therefore, seems to be without merit.

The judgment will be accordingly affirmed. All the judges concur.