State v. Feaster.

———◦•●•◦———

THE STATE, Appellant, v. FEASTER, Respondent.

1. An indictment founded on section 38 of article 2 of the act concerning crimes and punishments (R. C. 1845, p. 351) charged that the defendant did "feloniously make an assault on the body of one C. H. with a large stick of the length of four feet and the thickness of four inches, which stick he the said E. F. then and there held in both his hands, and with the stick aforesaid did then and there inflict on the body of the said C. H. great bodily harm under such circumstances which would have constituted manslaughter if death had ensued, contrary," &c.; *held* insufficient in that it did not charge the inflicting of the great bodily harm feloniously.

*Appeal from St. Clair Circuit Court.*

*Ewing*, (attorney general,) for the State.

The indictment is sufficient. The facts and circumstances constituting the offence are averred in the indictment, and the expression " under circumstances which would have constituted manslaughter if death had ensued" may be rejected as surplusage. (R. C. 1845, sec. 38, p. 351; Jennings v. The State, 9 Mo. 852.) It was not necessary to aver that the weapon used was a dangerous or a deadly one. This sufficiently appears from the description given in the indictment, and no more was required. (Jennings v. The State, 9 Mo. 852; 11 Mo. 579; The State v. Magrath, 19 Mo. 678.) If the word " feloniously" appear in any part of the indictment it is sufficient. (1 Chitty C. L. 242.)

*F. P. Wright*, for respondent.

I. The decision of the court below is correct. The indictment is clearly bad. The offence is not the assault but the bodily harm inflicted. Bodily harm is the accusation. It is not alleged that this was done feloniously. This omission is fatal. An indictment for felony must always allege the fact to be done feloniously. (2 Hale, 184; 2 Hawkins, 320, § 55; 9 Mo. 730; Wharton, 196; 1 Breese, Ill., 199.) The term felony originally denoted the penal consequences of the crime, but by long usage it is now employed to signify the crime itself. (4 Black. 69; 1 Chitty C. L. 238.) Unless the bodily harm was inflicted feloniously it was not indictable. The term " felonious" is the only one appropriated by the law to express the nature and character of this accusation. It being omitted in the indictment, it presents a case punishable only before a justice of the peace.

II. The description of the offence is not sufficient. It amounts to this and no more: " Elbert Foster made a felonious assault on Carrol Harper with a large stick, and with the stick did inflict on the body of Carrol Harper great bodily

harm." All the facts necessary to constitute the offence must be charged by express averment or the judgment will be arrested. (Kit v. The State, 11 Humph. 167.)

RYLAND, Judge, delivered the opinion of the court.

The defendant Feaster was indicted at the March term of the Circuit Court for Hickory county, in the year 1855. At the September term he appeared to the indictment and filed his petition for a change of venue, which was granted and the venue changed to the Circuit Court of St. Clair county. At the October term, 1855, of the Circuit Court for St. Clair county, the parties appeared and the case was continued until the next term. At the May term, 1856, the defendant filed his demurrer to the indictment, which was overruled. The case was then continued from term to term until the March term, 1857, when the defendant pleaded not guilty to the indictment, and a trial was had. The defendant was convicted by the jury and fined. He afterwards moved in arrest of judgment, which motion being sustained, the State excepted and brings the case here by appeal.

The only questions in the case arise on the indictment. The indictment is founded on the 38th section of article 2 of the act concerning crimes and punishments, (R. C. 1845, p. 351,) which declares, " If any person shall be maimed, wounded, or disfigured, or receive great bodily harm, or his life be endangered by the act, procurement or culpable negligence of another, in cases and under circumstances which would constitute murder or manslaughter if death had ensued, the person by whose act, procurement or negligence such injury or danger of life shall be occasioned, shall, in cases not otherwise provided for, be punished," &c. The indictment charges " that Elbert Feaster, with force and arms, did then and there feloniously make an assault on the body of one Carrol Harper with a large stick, of the length of four feet, and the thickness of four inches, which stick he, the said Elbert Feaster, then and there held in both his hands,

and with the stick aforesaid did then and there inflict on the body of the said Carrol Harper great bodily harm, under such circumstances which would have constituted manslaughter if death had ensued, contrary," &c.

The offence under this section is liable to the punishment of imprisonment in the penitentiary, and consequently under our law is a felony; for all offences whose punishment may be by confinement in the state penitentiary are declared by the statute to be felonious. The offence under this section is not the assault; it is the great bodily harm inflicted.

Now it is the well settled law that in indictments for felonies the act charged which constitutes the offence must be alleged to have been done feloniously. In this indictment now under consideration the pleader has omitted to charge that the act done which makes the offence was done feloniously, and it is not enough to aver that the assault was made feloniously. This is a fatal objection. The court below therefore committed no error in arresting the judgment in this case. Judge Scott concurring, the judgment is affirmed.