STATE OF MISSOURI, Defendant in Error, *vs.* AARON MITCHELL, Plaintiff in Error.

64 191
97 111
64 191
147 287

1. *Criminal law—Murder in first degree—Deliberation and premeditation essential to—Instructions.*—Homicide in order to constitute murder in the first degree under the Statute of Missouri, must be, not only willful and with malice but, with deliberation or premeditation. And these constituents are to be shown like any other facts, by direct proof or by circumstances from which their existence may be inferred by the jury.

The giving of an instruction defining the crime, which omits these elements, will operate a reversal, although the offense be correctly described in another instruction. The latter does not cure the former.

2. *Criminal law—Murder—Malice—Presumptions as to.*—Malice is essential to murder both in the first and second degrees; and where unlawful killing is proved to have been done with a dangerous weapon likely to produce death, the malice requisite to murder is presumed.—(See State vs. Lane, *post* p.——.)

## *Error to Perry Circuit Court.*

*J. L. Smith, Att'y Gen'l,* for Plaintiff in Error, cited: Wagn. Stat., 445; State vs. Foster, 61 Mo. 549; State vs. Hudson, 59 Mo. 135; State vs. Joeckel, 44 Mo. 234; State vs. Saunders, 53 Mo. 234.)

*J. C. Killian & Wm. H. Bennett,* for Defendant in Error, cited: State vs. Shoultz, 25 Mo. 128, Instruction No. 11, p. 153; State vs. Hays, 23 Mo. 287; State vs. Nueslein, 25 Mo. 111; State vs. Joeckel, 44 Mo. 234; State vs. Holme, 54 Mo. 153.

NORTON, Judge, delivered the opinion of the court.

Defendant was indicted in the Circuit Court of Perry County for murder in the first degree, for killing one Augustus Washington. He was put upon his trial, which resulted in his conviction for murder in the first degree. An ineffectual motion for new trial was made and the case is brought here for review on writ of error.

The only point relied upon by defendant's counsel is the action of the court in giving instructions.

It does not appear from the record that any instructions were asked either on the part of the State or the defendant, but the court of its own motion gave eleven instructions—to the giving

of those numbered 1, 2, 5, 6, 7, 8 and 10, defendant excepted at the time.

The only instruction given, to which our attention has been specially called by defendant's counsel is that which follows, viz : " The court instructs the jury that if they believe from the evidence that defendant did willfully, that is, intentionally, kill deceased, then, and in such case, there is no murder in the second degree or manslaughter in the first, third or fourth degrees in the case ; but the offense is either murder in the first degree or manslaughter in the second degree, or justifiable homicide accordingly as you may find the facts in proof : that is to say, if defendant willfully killed the deceased, in malice, that is, without sufficient cause or excuse, it is murder in the first degree. If defendant and deceased had a difficulty and you find from the evidence that defendant did not bring it about, or court or seek it, or voluntarily enter into the same, during the combat, and that while defendant was under the influence of passion caused thereby, he willfully killed deceased without malice, it is manslaughter in the second degree. If, on the other hand, you find that defendant courted, sought or brought on the difficulty and willfully killed deceased, it is murder, and if you find that defendant commenced or brought about the difficulty, or voluntarily entered into the same, then there is no manslaughter at all in any of its several degrees in the case.

This instruction, in so far as it declares to the jury that if defendant willfully killed deceased in malice, it was murder in the first degree, is in conflict with the views expressed by this court in the following cases. (State vs. Joeckel, 44 Mo. 234 ; State vs. Dunn, 18 Mo. 419 ; State vs. Starr, 38 Mo. 270 ; State vs. Underwood, 57 Mo. 49 ; State vs. Foster, 61 Mo. 549 ; State vs. Holmes, 54 Mo. 153 ; State vs. Lane, *post* 319.)

Under the instruction the jury are not required to find either deliberation or premeditation, which are elements entering into the offense and are necessary to make up the crime of murder in the first degree, under our statute. They are not presumed, but are to be proved as other facts, either by direct or circumstantial evidence. It is not necessary that the proof should be express or posi-

tive—they may be inferred from the circumstances attending the killing, and if the jury can reasonably and satisfactorily infer their existence from all the facts in proof attending the killing, they would be warranted in finding that the offense was murder of the first degree.

Malice is common both to murder in the first and second degrees, and when the unlawful killing is proved to have been done by a dangerous weapon, likely to produce death, the malice requisite to murder is presumed. The error pointed out in the above instruction is not cured by the fact that the court, in a previous instruction, had properly defined murder in the first degree, and told the jury that if they believed defendant willfully, deliberately and premeditatedly, and of his malice aforethought, killed the deceased, they would find him guilty of murder in the first degree.

For the reason above given, the judgment will be reversed, and the cause remanded for a trial; the other judges concur.