## THE STATE v. DEARING, APPELLANT.

1. **Murder in the first degree**: INSTRUCTIONS: An instruction which authorizes a jury to find a verdict of murder in the first degree without finding the act of killing to have been done with deliberation or premeditation is erroneous; and the error is not cured by another instruction which correctly defines the offense.

2. **Drunkenness no Mitigation of Crime**: The circumstance that defendant was drunk to insensibility at the time of committing the homicide, will not repel any inference of malice and premeditation arising from other facts in the case, or mitigate the offense to a crime of a less degree.

**Practice, Criminal**: READING REPORTS IN PRESENCE OF THE JURY. It is no error for a court, in ruling on questions presented during the progress of a criminal trial, to read from the reported decisions of the Supreme Court in the presence and hearing of the jury. It is a matter of practice within the discretion of the trial court, and not subject to review in the appellate court.

*Appeal from Washington Circuit Court*—HON. JOHN B. ROBINSON, Judge.

*G. I. Van Allen*, for appellant, cited 3 Green. Ev. § 148; 1 Whart. Am. Crim. Law (6 ed.) p. 41 ; 2 Green. Ev. § 374; 1 Russ. Crim. (5 ed.) 7 ; *State v. Klinger*, 46 Mo. 224 ; Wag. Stat. 1046, § 47 ; *Chouquette v. Barada*, 28 Mo. 499 ; *Sawyer v. Han. & St. Jo R. R. Co.* 37 Mo. 263 ; *State v. Cross*, 27 Mo. 334.

*Joseph J. Williams*, for appellant, cited *State v. Mitchell*, 64 Mo. 191 ; *State v. Mathews*, 20 Mo. 55 ; *State v. Stonum*, 62 Mo. 596 ; *State v. Hudson*, 59 Mo. 135.

*J. L. Smith*, Attorney-General, for the State.

NAPTON, J.—This was an indictment for murder in the first degree, and the defendant was convicted and sentenced to be hung. It is unnecessary to an understanding of the points of law presented that any detailed account of the circumstances of the affray in which the homicide was committed, should be given. It occurred at a dancing party at Cannon Mine, in Washington county, where the parties, both the defendant and deceased, and several of the witnesses, were drunk. The defendant and the person killed had been intimate friends and associates from childhood, and no ill-feeling between them had ever been known to exist by any of the witnesses. There was evidence that the defendant had been struck on the head by a pistol and prostrated by the blow previous to the scuffle between him and the person killed. In the course of the testimony of the first witness for the State, the defendant's counsel asked the following question: " Do you know whether or not Dearing had been drinking before the scuffle with and stabbing of Boquette ?" This question was objected to, and the court sustained the objection. The defendant's counsel then asked the following question : " State if you know whether defendant was under the influence of liquor and what was the condition of his mind at the time of the scuffle, whether from intoxication or otherwise ?" This question was also excluded, and the

court, in sustaining the objection, read from the opinion of this court in the case of the *State v. Hundley*, (46 Mo. 418.) Whilst the judge was reading the opinion, in presence and hearing of the jury, the defendant's counsel objected to this course as improper, for the reason that it might prejudice the jury, and asked that the jury might be sent out, in charge of the sheriff, which the court refused to do. An exception was taken to this action of the court. In the fourth instruction given by the court to the jury, it is observed by the court: " that the distinction between murder in the first degree and murder in the second degree lies in the intention with which the act of killing was done. Where a homicide has been committed, and there was an intention to commit the act, then, in the absence of any circumstances of excuse, justification or palliation recognized by law as sufficient, it is murder in the first degree." The tenth instruction was that "if from the circumstances attending the killing, the weapon used, the nature and extent of the injury inflicted and the amount of violence used, with all the other evidence in the case, the jury was satisfied that defendant intended to kill deceased and did kill him with malice as before defined, then the circumstance of his being drunk to insensibility at the time, is not sufficient to repel the inference of malice and premeditation arising out of such evidence or to mitigate the offense from murder in the first degree to murder in the second degree, or any less offense."

This judgment must be reversed for the error in the fourth instruction, which is a similar instruction to the one given in *State v. Mitchell*, 64 Mo. 191, and is in conflict with our decision in that case and the cases cited in that opinion. Moreover, the fact that a correct instruction in regard to murder in the first degree was given, does not cure the error of the fourth instruction, since it is impossible to conjecture which instruction the jury followed.

The tenth instruction was substantially right and was

approved by this court in *State v. Cross*, 27 Mo. 332; and *State v. Hundley*, 46 Mo. 416.

The questions concerning defendant's condition in regard to intoxication were clearly inadmissable. That subject has been already fully considered by this court, and it is needless to review former adjudications. The second question, as propounded, was also objectionable. Had the question been directed solely to the effect of the blow received, without regard to previous intoxication, no objections to it could be made, provided the witness was called on to state the facts upon which his inferences were based.

We see no objections to the reading of a decision of this court by the circuit judge, in his decision of a motion to exclude evidence. This is a matter of practice, within the discretion of the judge, with which it is not our province to interfere. The circuit judge may decide points, presented on the trial, in regard to the admission of testimony, without giving his reasons, or he may prefer to give them, and, to support his rulings, may read decisions of this or other courts. The practice either way is not a matter of review in this court.

Judgment reversed and cause remanded. The other judges concur.                                    AFFIRMED.