THE STATE v. HILL, *Appellant.*

69  451
171  ³517

1. **Murder in the Second Degree.** To reduce the crime of homicide to murder in the second degree, it is not essential that it shall have been committed both in the heat of passion and without deliberation. It is sufficient if it was done without deliberation.

2. **Murder in the First Degree**: INSTRUCTIONS. A homicide though willful, is not murder in the first degree unless committed with deliberation; and it is a fatal error to give an instruction which ignores the element of deliberation, notwithstanding another instruction is given correctly defining the crime.

3. **Provocation as Mitigating Homicide.** While no provocation short of personal violence or injury will be sufficient to reduce a homicide to the grade of manslaughter, yet less will suffice to mitigate or extenuate it so as to reduce the crime to murder in the second degree.

4. **Self Defense**: QUANTUM OF EVIDENCE TO SECURE ACQUITTAL. To entitle a defendant charged with murder to acquittal on the ground of self defense, he need not establish his defense by a preponderance of evidence. It will be sufficient if the evidence is such as to create, in the minds of the jury, a reasonable doubt of his guilt. (Following *State v. Alexander,* 67 Mo. 158.)

*Appeal from Pike Circuit Court.*—HON. G. PORTER, Judge.

*D. A. Ball* and *M. G. Reynolds* for appellant.

*J. L. Smith,* Attorney-General, and *Champ Clark* for the State.

HENRY, J.—At the September adjourned term 1878, of the circuit court of Pike county, the defendant was indicted for the murder of James Johnson on the 15th day of September, 1878. At the ensuing March term of said court he was tried, found guilty of murder in the first degree, and sentenced to be hanged. From the judgment he has appealed to this court.

The first instruction defined murder in the first degree, but no instruction was given properly defining murder of the second degree. The fifth instruction for the State was as follows: "If the jury be-

1. MURDER IN THE SECOND DEGREE.

lieve from the evidence that defendant wrongfully killed James Johnson with malice aforethought, but without deliberation, in the heat of passion, they will find him guilty of murder in the second degree." This required the jury, before they could reduce the crime from murder of the first, to murder of the second degree, to find that the killing was done in a heat of passion, and is in direct conflict with what was held to be the law on this subject in the *State v. Wieners*, 66 Mo. 13. There was evidence of an altercation between the parties, of previous threats made by deceased against the life of the defendant, and of grossly insulting and opprobrious epithets applied by him to defendant, immediately preceding the killing, which, although not sufficient to produce technical heat of passion, were circumstances which the jury, nevertheless, should have been permitted to consider in determining whether, if murder, it was committed with deliberation.

The third instruction for the State was also erroneous. It was as follows: "If you find that the defendant did

2. MURDER IN THE FIRST DEGREE: instructions.  willfully draw a pistol and shoot and kill James Johnson simply because said Johnson used words of reproach towards him, and that he thought of the killing any length of time, however short, before he shot Johnson, the offense is murder in the first degree." This instruction declares a willful killing to be murder in the first degree, ignores the element of deliberation, and is, therefore, in conflict with what we held in the *State v. Wieners, supra; The State v. Mitchell*, 64 Mo. 192, and cases there cited. The fact that an instruction was given by the court, properly defining murder in the first degree, did not cure the error in the third instruction. *The State v. Mitchell, supra; The State v. Dearing*, 65 Mo. 532.

The second instruction was calculated to mislead the jury. It declared that: " Provocation, to be sufficient to mitigate or extenuate homicide, as applicable to this case, should amount to personal violence or injury to the defend-

ant. Mere words of reproach, how abusive or grievous soever they may be, are no provocation sufficient to free the party killing from the guilt of murder." The first clause of the instruction declares that no provocation will mitigate or extenuate a homicide, unless it amount to personal violence or injury to defendant. The contrary was held in the *State v. Wieners, supra*, and, while the court may not have intended, and probably did not intend to declare that no provocation less than personal violence or injury to defendant, would reduce the crime from murder of the first to murder of the second degree, but that no other provocation would reduce it to manslaughter, the instruction was so worded and constructed as to be calculated to mislead the jury.

The sixth instruction was also erroneous. It declares that : " In order to acquit the defendant upon the ground of self defense, the defendant must show to the reasonable satisfaction of the jury, that he killed the deceased in the lawful defense of his person," &c. In the *State v. Wingo*, 66 Mo. 181, it was held that the burden of proving defendant's guilt continued upon the State from the beginning to the termination of the trial, and that all that was required of the defendant, to entitle him to an acquittal, was to introduce evidence of the justification, excuse or mitigation relied upon by him, sufficient to create, in the minds of the jury, a reasonable doubt of his guilt. *The State v. Alexander*, 66 Mo. 158. The instruction in question required the defendant, by a preponderance of evidence, to establish the facts relied upon by him as constituting his excuse, or justification, or as mitigating or extenuating the crime. Nor was there any instruction declaring to the jury that if, upon the whole case, they had a reasonable doubt of defendant's guilt, they should acquit him. · In the Wingo case it was held that such an instruction would cure the error of the sixth instruction. There was an instruction in regard to a reasonable doubt, given for the defense, but

it related solely to the crime of murder in the first degree. The judgment is reversed and the cause remanded.    All concurring

REVERSED.