THE STATE, *Appellant*, v. EMERICH.

1. **Pleading, Criminal:** INDICTMENT : MANSLAUGHTER UNDER REVISED STATUTES, SECTION 1238. An indictment for manslaughter, under Revised Statutes, section 1238, must charge that the killing was done without a design to effect death, and while the doer of the act was engaged in the perpetration or attempt to perpetrate a crime not amounting to a felony, and it is not sufficient that these things may be inferred from the allegations made. Per Sherwood, J.

2. ———— : ———— : FELONY. In an indictment for a felony causing death, it is not sufficient to allege that the assault was feloniously made, and that the instrument used was feloniously used, but it must be charged that the act itself, which caused the death, was feloniously done. Per Sherwood, J.

8 ———— : ———— : STATUTE. An indictment based upon a statute, must contain all the forms of expression and descriptive words which will bring the defendant precisely within the definition of the statute. But where descriptive words are not used in the statute in defining the crime, it will be sufficient to use words of equivalent import in the indictment, making the charge certain to a certain extent. Per Sherwood, J.

4. ———— : ———— : MANSLAUGHTER : REVISED STATUTES, SECTION 1241. An indictment for manslaughter under Revised Statutes, section 1241, which does not contain the words, "pregnant with a quick child," is fatally defective. Per Sherwood, J.

5. ———— : ———— : RETROSPECTIVE STATUTE : REVISED STATUTES, SEC-TION 1268. Revised Statutes, section 1268, having been amended in 1879 by the addition of the words, " but if the death of such woman

ensue from the means so employed, the person so offending shall be deemed guilty of manslaughter in the second degree," does not apply to an abortion defined therein from which death results, where the same was perpetrated prior to the taking effect of the Revised Statutes of 1879.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*B. G. Boone,* Attorney General, for the state.

The indictment is sufficient under General Statutes, section 7, page 778 (2 Wag. Stat., sec. 7, chap. 42, art. 2.) now section 1238, Revised Statutes. The defendant attempted, without a design to effect death, to produce an abortion, and the death of the woman ensued from such attempt. This was murder at the common law. 1 Hale's Pleas Cr. (1 Am. Ed.) secs. 429, 430 ; *Reg. v. Gaylor,* 7 Cox Cr. C. 253 ; 1 Whar. on Cr. L. (8 Ed.) secs. 316, 390 ; Whar. on Hom. (2 Ed.) secs. 41, 192; *Commonwealth v. Keeper of Prison,* 2 Ashmead (Penn.) 227 ; *Commonwealth v. Jackson,* 15 Gray (Mass.) 187 ; *State v. Moore,* 25 Iowa, 128. The perpetration of an abortion on a woman pregnant, but not quick with child, is, under our statute, only a misdemeanor. Wag. Stat., chap. 42, art. 2, sec. 34, p. 450 ; R. S., sec. 1268. The defendant was attempting to perpetrate an offence, which, in itself, was a misdemeanor under our statute ; from his act a killing resulted, which was murder at the common law, and he was properly indicted under section 7, page 778, General Statutes ; section 1238, Revised Statutes, for manslaughter in the first degree.

*R. W. Goode* also for the state.

The indictment was drawn under sections 7, page 446 and section 34, page 450, Wagner's Statutes. In the attempt to procure an abortion, defendant committed man-

slaughter in the first degree, by using an instrument upon a pregnant woman, whereby her death resulted under such circumstances as would be murder at the common law. The pleader properly omitted charging that Maggie Gibbons was "quick" with child, and properly substituted therefor the phrase "pregnant" and "big with child," as by said sections seven and thirty-four, above cited, required.

*Chas. P.* and *John D. Johnson* for respondent.

(1) Under the indictment there could be no conviction of either manslaughter in the first or second degree. Wag. Stat., chap. 42, art. 2, secs. 9, 10, 34. (2) The court erred in giving instructions to the jury concerning manslaughter in the first or second degrees; and in refusing to give the instructions prayed for by defendant. (3) The verdict was contrary to the law and the evidence. The verdict should have been for a misdemeanor under section thirty-four, chapter forty-two, article two, Wagner's Statutes, and not for manslaughter in the first, or any other degree, if the court could, by any possibility, construe the indictment as setting forth facts sufficient to charge a misdemeanor, and that it had jurisdiction to try the same.

SHERWOOD. J,—The indictment in this cause is as follows :

"STATE OF MISSOURI, }
  "CITY OF ST. LOUIS. } ss.

"St. Louis Criminal Court, March Term, 1879.

"The grand jurors of the state of Missouri, within and for the body of the city of St. Louis, aforesaid, now here in court, duly empanneled, sworn and charged upon their oath, present that Charles P. Emerich, late of St. Louis City aforesaid, on the thirtieth day of December,

1877, with force and arms in and upon the body of one Maggie Gibbons, a woman there and then pregnant and big with child, in the peace of the state then and there being, did wilfully, feloniously and unlawfully make an assault, and then and there unlawfully and feloniously use and employ in and upon the body and womb of the said Maggie Gibbons, a certain instrument of hard substance, the nature and description whereof is to these grand jurors unknown, by then and there inserting, thrusting and forcing the said instrument into the private parts and womb of the said Maggie Gibbons, with the intent then and there, and thereby to procure an abortion or miscarriage of said Maggie Gibbons, the same not being necessary to preserve the life of said Maggie Gibbons, and not being advised by a physician to be necessary for the pupose, and by means and in consequence of the employment and use of said instrument in and upon said Maggie Gibbons by the said Charles P. Emerich aforesaid, she, the said Maggie Gibbons, then and there became gravely wounded and mortally diseased of her body, and from the said thirtieth day of December, A. D. 1877, to the third day of January, A. D. 1878, in the city of St. Louis, did languish, and languishing did live, on which said third day of January, in the year and at the city aforesaid, the said Maggie Gibbons, of the mortal wound and disease aforesaid, did die ; and so the grand jurors aforesaid, upon their oath aforesaid, do say that the said Charles P. Emerich, the said Mary Gibbons in the manner and by the means aforesaid, wilfuly, feloniously and unlawfully did kill, slay and murder contrary to the form of the statute in such case made and provided and against the peace and dignity of the state.

"E. A. NOONAN,
" Assistant Circuit Attorney."

Upon this indictment the defendant was tried, found guilty of manslaughter in the first degree, and his punishment was assessed at imprisonment in the penitentiary for the period of five years. The various statutory provisions relating to the crime of abortion or attempted abortion, are as follows:

"Section 1241. *Manslaughter in second degree.* Every person who shall administer to any woman, pregnant with a quick child, any medicine, drug, or substance whatsoever, or shall use or employ any instrument, or other means, with intent thereby to destroy such child, unless the same shall have been necessary to preserve the life of such mother, or shall have been advised by a physician to be necessary for that purpose, shall, if the death of such child or mother thereof ensue from the means so employed, be deemed guilty of manslaughter in the second degree." G. S., p. 778, sec. 10.

"Section 1268. *Abortion.* Every physician or other person who shall wilfully administer to any pregnant woman, any medicine, drug, or substance whatsoever, or shall use or employ any means whatsoever, with intent thereby to procure abortion or the miscarriage of any such woman, unless the same shall have been necessary to preserve the life of such woman, or shall have been advised by a physician to be necessary for that purpose, shall, upon conviction, be adjudged guilty of a misdemeanor, and punished by imprisonment in the county jail, not exceeding one year, or by fine not exceeding five hundred dollars, or by both such fine and imprisonment; [but if the death of such woman ensue from the means so employed, the person so offending shall be deemed guilty of manslaughter in the second degree.]" G. S., p. 781, sec. 34, amended.

The act with which the defendant is charged occurred December 30, 1877, and at that time section 34, General Statutes, page 781, was in force. Since then,

the section has been amended, and I have given the amendatory words in brackets.

It is insisted by counsel for the state that the indictment is sufficient under section 1238, Revised Statutes, which reads:

"Section 1238. *Manslaughter in first degree.* The killing of a human being, without a design to effect death, by the act, procurement, or culpable negligence of another, while such other is engaged in the perpetration, or attempt to perpetrate any crime, or misdemeanor not amounting to a felony, in cases where such killing would be murder at the common law, shall be deemed manslaughter in the first degree." G. S., p. 778, sec. 7.

An examination of this section will, however, readily show that the indictment was not framed, or intended to be framed upon it, and if it were so intended, it does not contain the constituent elements in that section set forth. It does not charge that the killing was done without a design to effect death, nor that it was done while the doer of the act was engaged in the perpetration, or attempt to perpetrate, any crime or misdemeanor not amounting to a felony. These things may be *inferred* from the allegations made, but this will not answer; this is no case for *inferences*. And although the grade of the offence specified in that section is manslaughter in the first degree, and punishable by imprisonment in the penitentiary (R. S., sec. 1251), and, therefore, a felony (*Ib.*, sec. 1676), it is nowhere charged in the indictment that the *act itself* which caused the death was feloniously done. It is true, that it is alleged that the assault was made feloniously, and that a certain instrument was used feloniously, but it is nowhere charged that the thrusting, etc., of such instrument was feloniously done. This, of itself, would be a fatal defect. *State v. Feaster*, 25 Mo. 324.

There is no rule of criminal law more firmly established than that which requires an indictment bottomed

on a statute to contain all those forms of expression; those descriptive words, which will bring the defendant precisely within the definition of the statute. *State v. Helm*, 6 Mo. 263; *State v. Ross*, 25 Mo. 426. There are cases where a less degree of certainty will answer than in others, where descriptive words are not used in defining the crime, where words of equivalent import, making the charge certain to a certain extent will be sufficient; but this case falls short of either standard. And there are cases where the pleader attempts to draft an indictment under one section, and blunders into another; in such case, the indictment may still charge an offence after rejecting surplusage. *State v. Seward*, 42 Mo. 206. But this is not the case presented. All redundant words may be stricken out from the indictment, and still there will not be enough left to make a valid indictment under section 1238.

Nor will the indictment fare any better when examined by the light of the other sections already quoted. It is bad, under section 1241, *supra*, because the descriptive words, "*pregnant with a quick child*," are not employed. Nor is the indictment good under section 1268, since that section, at the time of the commission of the criminal act, did not apply to cases where death ensued in consequence of such act. It follows that the defendant was improperly convicted of manslaughter in the first degree, and would have been improperly convicted of any degree of that offence, as the indictment is insufficient, viewed in any light or from any standpoint. I regret to be compelled to arrive at this conclusion, as this record is stained with a crime most atrociously cruel and brutal.

It only remains to say, that the judgment of the court of appeals, and its order discharging the defendant are affirmed. All concur, except Henry, C. J., who dissents; Black, Ray and Norton, JJ., put their concurrence only on the last point discussed in the opinion.