## THE STATE v. CHAMBERS, *Appellant.*

1. **Criminal Law** : EVIDENCE: DYING DECLARATIONS. Dying declarations, to be admissible in evidence, must have been made in apprehension of death, after all hope of life had been abandoned, and must be restricted to the identification of the accused and the deceased, and to the act of killing and the circumstances immediately attending it and forming a part of the *res gestae.*

2. ———— : ———— : ————. Dying declarations constituting a mere expression of opinion or belief are inadmissible in evidence.

3. **Practice** : INSTRUCTION. An instruction, although it asserts a correct principle of law, is improperly given when there is no evidence upon which to base it.

4. **Criminal Law** : INSTRUCTION : MANSLAUGHTER. The definitions of manslaughter in the fourth degree, as given in Revised Statutes, sections 1249 and 1250, should not be blended in the same instruction, but that offence as defined in said sections should be contained in separate instructions.

5. **The evidence** in this case held to entitle the accused to an instruction for manslaughter in the fourth degree.

*Appeal from Dunklin Circuit Court.*—HON. R. P. OWEN, Judge.

REVERSED.

*S. M. Chapman* for appellant.

(1) It was error to receive in evidence, over the objections of defendant, the dying declarations of the deceased. There is nothing to establish that the deceased, at the time he made them, believed death impending. *State v. Simon,* 50 Mo. 370; 1 Greenleaf's Ev., sec. 158; *Starkey v. The People,* 17 Ill. 17. But even had the proper foundation been laid for the admission of the dying declarations, that portion assigning deceased's reasons for following the accused when he

left the room, constitute only an expression of opinion or belief and should not have been admitted. *State v. Vansant*, 80 Mo. 67 ; and what deceased said as to what happened after the shooting was over was inadmissible. *State v. Draper*, 65 Mo. 339. (2) The court improperly blended in the same instruction the definitions of manslaughter in the fourth degree as contained in sections 1249, 1250, Revised Statutes.

*B. G. Boone*, Attorney General, for the state.

The second instruction defines manslaughter in the fourth degree, both as set forth in sections 1249 and 1250, Revised Statutes. The first part of the instruction under section 1249 is surplusage and has nothing to do with the case, but is not misleading. The third instruction correctly defines the law of self-defence. *Nicholls v. Winfrey*, 79 Mo. 547, and cases cited. It was not necessary to define the phrase great personal injury. *State v. Snell*, 78 Mo. 240. The dying declarations were properly admitted. *McMillen v. State*, 13 Mo. 30 ; *State v. McCannon*, 51 Mo. 160 ; *State v. Draper*, 65 Mo. 335, and cases cited. The declarations of deceased are admissible although he did not die for a considerable time after they were made. Whar. Cr. L. (4 Ed.) sec. 673 ; 1 Moody, 97 ; 8 Smede & Marsh (Miss.) 401 ; *State v. Center*, 35 Vt. 384. The evidence shows that the deceased had no weapons, that the defendant resorted to the use of a deadly weapon when he could not, from the circumstances, have been apprehensive of great bodily harm or have been in danger of destruction. Under this state of facts he cannot invoke the law of self-defence. *State v. Vansant*, 80 Mo. 68 ; *Nichols v. Winfrey*, 79 Mo. 547, and cases cited ; *State v. Thompson*, 9 Iowa, 188 ; *State v. Kennedy*, 20 Iowa, 569.

Norton, J.—The defendant was indicted in the circuit court of Dunklin county for murder in the first

.degree, in shooting and killing one Solomon Kissinger, in May, 1882. He was put upon his trial at the May term, 1883, of said court, and convicted of murder in the second degree, and his punishment assessed at ten years imprisonment in the penitentiary. From this judgment defendant appeals, and the action of the court in receiving improper evidence and in giving improper instructions, is assigned for error.

On the trial, a witness was allowed to give in evidence the statements of the deceased as dying declarations. This evidence was objected to on the ground that no proper foundation had been laid for their introduction. The witness who detailed these statements testified that about eight hours before the death of deceased he told witness that "he thought he would die," and then made the statements given in evidence. If deceased apprehended death, and had given up all hope of living, as his words indicated he did, the evidence offered was properly received, if restricted to the limitations imposed upon such evidence. *McMillen v. State*, 13 Mo. 30; *State v. McCannon*, 51 Mo. 160. Such declarations are, however, to be limited and restricted to the identification of the prisoner and deceased, and to the act of killing, and all the circumstances immediately attending the said act and forming a part of the *res gestae*. *State v. Draper*, 65 Mo. 335.

It is insisted that the declarations in this case were not restricted to these limits and that so much of them were improperly admitted as gave the reason for deceased following the defendant when leaving the room, viz.: "That he thought he was about to draw something from his pocket, a knife or pistol, and that he followed him, so that if he did draw a knife or pistol, that he could catch it or knock it out of his hand before he could hurt him." If deceased had been a witness on the stand he would have been required to state, not his thoughts or opinions, but facts inducing the belief that deceased was

The State v. Chambers.

about to draw a pistol or knife, and so much of said statement as goes to a mere expression of belief or opinion, under the ruling in the case of the *State v. Vansant*, 80 Mo. 67, was improperly received.

It is, also, objected that the court erred in giving an instruction telling the jury that if "the defendant voluntarily and of his own free will and inclination entered into the difficulty, then there is no self-defence in the case," etc. While this instruction asserts a correct principle of law, it was error to give it for the reason that, after a careful examination of the record, we find that there was no evidence, either that defendant brought on the difficulty, or voluntarily and of his own free will, entered into it; but on the contrary, the evidence was that he avoided the difficulty, begged to be let alone, saying he was sick and unable to fight deceased, and was attempting to get away from deceased, who, just before the fatal encounter, caught defendant, choked him, "and churned his head against the house and struck him." The instruction was misleading, and there being no evidence on which to base it, was calculated to prejudice the defendant before the jury.

The instruction given by the court, defining manslaughter in the fourth degree, is confused in blending in the same instruction that grade of homicide as defined in sections 1249 and 1250, Revised Statutes, and as the cause is to remanded for re-trial, for the errors noted, and as defendant, under the evidence, is entitled to an instruction as to manslaughter in the fourth degree, the court should give, in separate instructions, the definition of that offence as set forth in said sections.

Judgment reversed and cause remanded. All concur.