## THE STATE v. BURNS, *Appellant*.

SHERWOOD, J. (*dissenting*).—I dissent for the following reasons: It is among the fundamentals of criminal jurisprudence, that, in indictments for felonies, nothing material can be supplied by implication or

*For the opinion of the court see p. 471. The dissenting opinion was rendered too late to be inserted in its proper place.

intendment. 2 Hawk. P. C., ch. 25, secs. 60, 61; 1 Chitty's Cr. L. 172; 1 Bish. Cr. Proc., secs. 79, 80, 81, 86, 88, 517, 518 and 519, especially last three sections. See also, 2 Hale P. C. 193; Russell on Crimes [4 Ed.] 676, note; *State v. Hayward*, 83 Mo. 299; *State v. Herrell*, 97 Mo. 105; *State v. Charles Meyers*, ante, p. 107, which last cases cited from our own reports the foregoing opinion virtually overrules.

That opinion is a new departure from all precedent, form and authority. If it be sufficient to say in an indictment that the defendant with a certain knife "did strike, stab and thrust in and upon the left side of the body of him, the said Frank Phelan, one mortal wound," why would it not be also sufficient to say in another indictment that the defendant with a certain *pistol "did shoot, strike, discharge and fire off* in and upon the left side of the body of him, the said Frank Phelan, one mortal wound?" Would any one contend that *such* an indictment would be good? If not good in the *latter* case, how then good in the *former?* If all *forms* are to be discarded and held for naught; if only what the indictment *means* is to be considered, then prosecutions in criminal causes will certainly be *greatly simplified.* If, for instance, a man is to be charged with uttering or passing counterfeit money all that the indictment need charge is that he *"shoved the queer."* If he is to be charged with forgery, all that need be said is that he *"wrongfully imitated the handwriting of A. B."*